UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
INTEGRATED SYSTEMS AND POWER, INC.,   :   No. 09-CV-5874
                                      :
                          Plaintiff,  :   ECF Case
                                      :
      - against -                     :
                                      :
HONEYWELL INTERNATIONAL, INC.         :
                                      :
                          Defendant.  :
------------------------------------x

RECEIVED AUG 12 2009 CHAMBERS OF JUDGE ROBERT P. PATTERSON

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/09

## PROPOSED RULE 26(f) DISCOVERY PLAN AND RULE 16(b) SCHEDULE

The parties, having conferred pursuant to Rule 26(f), hereby submit the following proposed Discovery Plan and Scheduling Order for consideration by the Court at the scheduled August 20, 2009 conference in this matter. This agreement has been provisionally made with the understanding that Defendant Honeywell will propose to the Court, by formal motion or otherwise, that the schedule for all or part of discovery be adjourned until after a ruling on Defendant Honeywell's motion to dismiss the complaint, and without prejudice to Plaintiff's right to oppose any such request:

### Initial Disclosures

Initial disclosures pursuant to Rule 26(a)(1)(i), (iii) and (iv) shall be made not later than August 12, 2009.

Initial disclosures pursuant to Rule 26(a)(1)(ii) shall be made by October 1, 2009, or if the Court shall adjourn the schedule for production of documents, on the date set by the Court for the commencement of document production on a rolling basis.

### Parties and Pleadings

No additional parties may be joined nor additional claims for relief or defenses asserted after the later of (a) 30 days after expiration of the time to amend as of right and (b) December 31, 2009 (or 90 days after the commencement of the production of documents, whichever is later). Either party shall have the right to move the Court to adjust these deadlines in light of unanticipated developments during discovery.

### Discovery

On or before October 1, 2009, each party shall respond to any request for production of documents served on or before September 8, 2009. Each party in good faith shall produce responsive documents to the extent reasonably practicable on October 1, and thereafter shall complete its production on a rolling basis as soon as reasonably practicable. It is understood and agreed that the parties shall propose a Protective Order to the Court by August 19, 2009, or as soon thereafter as reasonably practicable, and that all documents shall be produced "For Attorneys' Eyes Only," as defined in that proposed Protective Order, until a Protective Order has been entered by the Court.

All fact discovery shall be completed by January 28, 2010.

Experts' reports shall be served not later February 25, 2010. Experts submitting initial reports shall be made available for deposition by March 11, 2010. Rebuttal experts' reports may be served not later than March 25, 2010. Experts submitting rebuttal reports shall be made available for deposition by April 22, 2010.

Drafts of experts' reports shall be protected as work product pursuant to Rule 26(b)(3)(A) and (B). Attorneys' communications with testifying experts shall be protected as work product

pursuant to Rule 26(b)(3)(A) and (B), except to the extent otherwise provided in proposed amended Rule 26(b)(4)(C).

### Electronic Discovery Issues

1. Preservation

Each party shall preserve all relevant evidence, including, but not limited to, any backup tapes created since January 1, 2002. If either party contends that the suspension of recycling of any backup tapes is unreasonable or unnecessary, it shall promptly so inform the other party and counsel shall confer in an effort to resolve that issue.

2. Disclosure Regarding ESI

Not later than September 15, 2009, each party shall provide to the other a general description of the servers, document management systems, shared network storage folders, e-mail systems, computers (including desk top computers and notebooks) and PDAs used to create, send, receive or store ESI. Further discovery concerning these matters may be pursued informally or through interrogatories, document requests or depositions.

3. Form of Production

The parties shall meet and confer and attempt in good faith to reach agreement by August 19, 2009, on the form in which documents shall be produced.

### Privilege

Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection shall not constitute a waiver of any available privilege or protection by the disclosing party. In the event that the receiving party discovers that it has received either attorney-client privileged or work-product-protected documents, it shall bring that fact to the attention of the producing party promptly upon that discovery. Upon the request of the producing party, the receiving party shall promptly return any attorney-client privileged or work-product-protected document and any copies which the receiving party may have made thereof to the producing party. No such inadvertently produced attorney-client privileged or work-product-protected document may be used in evidence against the producing party. These

provisions shall be without prejudice to either party's right to challenge a privilege designation by the other party.

### Dispositive Motions

Dispositive motions, as well as *Daubert* motions, if any, are to be filed not later than June 3, 2010. Memoranda in opposition to dispositive motions or *Daubert* motions shall be filed 45 days thereafter. Reply memoranda in support of the dispositive motions or *Daubert* motions shall be due 30 days following service of opposition memoranda.

### Joint Pretrial Order

The parties shall submit a Joint Pretrial Order in conformance with the Individual Practices of Judge Robert P. Patterson by June 17, 2010 if neither party moves for summary judgment, or 30 days after the decision on the summary judgment motion.

Dated: August 12, 2009

| KATTEN MUCHIN ROSENMAN LLP | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
|---|---|
| By: *[signature]* <br> Robert W. Gottlieb <br> Arthur S. Linker <br> 575 Madison Avenue <br> New York, NY 10022–2585 <br> Tel: (212) 940-8800 | By: *[signature]* Stephen R. Neuwirth /ass <br> Stephen R. Neuwirth <br> 51 Madison Avenue, 22nd Floor <br> New York, New York 10010 <br> Tel: (212) 849-7000 |
| *Attorneys for Plaintiff Integrated Systems and Power, Inc.* | *Attorneys for Defendant Honeywell International, Inc.* |

So ordered
*[signature]* Robert P Patterson USDJ
8/14/09

4