UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INTEGRATED SYSTEMS AND POWER, INC.,

                        Plaintiff                    09 CV 5874 (RPP)
    - against -

                                                       **OPINION AND ORDER**

HONEYWELL INTERNATIONAL, INC.,

                        Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        On August 20, 2009 Defendant Honeywell International, Inc. ("Honeywell") moved for a stay of discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure pending a ruling on Honeywell's Rule 12(b)(6) motion to dismiss filed on August 17, 2009. On August 28, 2009 Plaintiff Integrated Systems and Power, Inc. ("ISPI") filed an opposition to Defendant's motion for a stay of discovery.[1]

        In this case Plaintiff, a former distributor of Defendant's products, is bringing a federal antitrust action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, and Section 1 of the Sherman Act, 15 U.S.C. § 1, for treble damages and injunctive relief, including attorneys fees, based on Defendant's alleged participation in a horizontal conspiracy existing since 2003 among its distributors other than ISPI to: (i) allocate customers; (ii) engage in collusive or rigged bidding for contracts in order to reduce price competition among its distributors; and (iii) eliminate ISPI's non-inflated price bidding in New York City. Compl. ¶¶ 1, 15.

---

[1] Defendant's motion for a stay contained notice that answering papers if any must be filed within four business days pursuant to Rule 6.1 of the Local Civil Rules for the Southern and Eastern Districts of New York. Plaintiff's opposition was therefore due on August 26, 2009. The Court has reviewed and considered Plaintiff's opposition, notwithstanding the untimely filing.

It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is "by no means automatic." Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting In re WRT Energy Sec. Litig., No. 96 Civ. 3610 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996). It is equally well-settled that upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. See Rivera v. Heyman, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion. Spencer, 206 F.R.D. at 368 (citing cases).

Based on the allegations in the Complaint, the breadth of the discovery sought in this action will cover a six-year period and will cover Honeywell's multiple distributors in the New York City area. While the Court cannot predict the outcome of the pending motion to dismiss, after an initial review, the Court notes that Honeywell has put forth in its motion multiple, independent arguments for dismissal and the motion "appears not to be unfounded in the law." Niv v. Hilton Hotels Corp., No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007). Thus granting a stay could avoid the need for costly and time-consuming discovery. See id. at *1-2.

Finally, because the parties have stipulated to complete the briefing on the motion to dismiss by October 13, 2009 and because, as of August 28, 2009, no discovery requests had yet been served in this case (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Stay Discovery ("Opp.") at 6), the stay requested by Defendant

will likely delay the commencement of discovery for only a few months, not the "many months" claimed by Plaintiffs (Opp. at 9). The short stay requested by Defendant will therefore not prejudice the Plaintiff to any degree. For the reasons stated herein, the Court grants Honeywell's motion for a stay of discovery.

    IT IS SO ORDERED.

Dated: New York, New York
       September 1, 2009

                                        Robert P. Patterson, Jr.

                                        U.S.D.J.

Copies of this order were faxed to:

*Counsel for Plaintiff:*

Arthur S. Linker
Robert William Gottlieb
Katten Muchin Rosenman,LLP (NYC)
575 Madison Avenue
New York , NY 10022
(212) 940-8800
Fax: (212) 940-8776

*Counsel for Defendant:*

Stephen Randall Neuwirth
Quinn Emanuel Urquhart Oliver & Hedges LLP
51 Madison Avenue
22nd Floor
New York , NY 10010
(212) 702-8100 x8165
Fax: (212) 702-8200